## Sandford *against* Decamp.

A deed proved by a subscribing witness, before one of the judges of the court of common pleas of the county court of another state, and certified under the hand of the clerk and seal of that court, that such person was a judge, is well proved and admissible in evidence.

The loose declarations of one who claims land, in relation to his title, are not to be relied upon and used as evidence to defeat a title otherwise good.

The donation lands patented to revolutionary soldiers, for military services, are not subject to taxation, and, consequently, not liable to be sold by the treasurer for non-payment of taxes, until they are parted with by the original owner.

ERROR to the district court of *Erie* county.

Giles Sandford against George Decamp. Ejectment for 250 acres of land.

The plaintiff exhibited a regular assessment and sale of the land by the treasurer of the county to him for taxes, for the years 1829, 1830 and 1831, and a deed dated the 5th of July 1832.

The defendant gave in evidence a patent from the commonwealth to Joseph B. Webster, a soldier of the Revolution, dated the 29th of September 1787, and offered a deed from Joseph B. Webster to Margaret Decamp, the wife of the defendant, dated the 8th of October 1832. This deed was proved by a subscribing witness to it, before one of the judges of the court of common pleas of Guernsey county, Ohio: and to which was annexed, a certificate of the clerk of that court under its seal, that the person before whom the probate was made, was then a judge of the court. This evidence was objected to, on the ground that the deed was not well proved. The court below overruled the objection, and sealed a bill of exception. The plaintiff then called several witnesses, who proved the declarations of the defendant made at different times, that she had been the owner of the land before the time when it was assessed and taxed and sold.

*Thompson*, president, charged the jury, that whether the defendant had a deed from the revolutionary soldier prior to the assessment of the tax, and whether the one now exhibited was fraudulently given for the purpose of avoiding the effect of the treasurer's sale, were matters of fact which the jury must determine; and added, that the jury should be well satisfied of the truth of the allegation of such fraud before they would predicate a verdict upon it—that fraud was not to be presumed, but must be proved; and cautioned the jury against giving weight to loose declarations of a party, when they were to operate against a regular title.

[Sandford v. Decamp.]

*Babbit,* for plaintiff in error.
*Gulbreath,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The defendant offered in evidence a deed, dated the 8th of October 1832, from Joseph B. Webster to Margaret Decamp, proved by a subscribing witness before one of the judges of the court of common pleas of Guernsey county, in the state of Ohio, on the 28th of January 1836: to which was annexed, a certificate under the hand of the clerk of that court and the seal of the court, that such person was a judge of that court. The objection is, that this is not a compliance with the act of the 23d of March 1819, which provides, that all deeds concerning lands, &c., within the state, that may hereafter be made *out of this state,* the execution whereof being duly acknowledged by the party or parties executing the same, or proved by the oath or affirmation of one or more of the subscribing witnesses thereto, before one of the judges of the supreme court of the United States, or before a judge of the district court of the United States, or before *any one of the judges or justices* of the supreme or superior courts, *or courts of common pleas* of any state or territory within the United States, and *so certified under the hand of the said judge and seal of the court, shall be as valid,* &c.; and it is alleged that the seal of the court was not annexed to the probate, but only to the certificate of the clerk. But we think the objection without foundation; and that a probate before a judge, and a certificate annexed by the clerk, under the seal of the court, is a certificate under the hand of the judge and seal of the court, within the meaning of the act. Any other construction would be attended with great inconvenience, because it is the clerk of the court who has the custody of the seal and not the judge, and the clerk could not annex the seal to the actual probate without being present when the probate was made, along with the judge, and participating in the receipt of the probate. Whereas the efficacy of the probate consists in its being made before a judicial officer, and the clerk is but a ministerial officer. And such, it is believed, has been the constant usage.

The second and third errors assigned are to the charge of the court, and we think are not sustained. It was alleged by the defendant, that Webster was a soldier, to whom this donation tract of land was transferred by the commonwealth: that it could not be sold for taxes whilst he held it, and that the title remained in him until it was divested by his deed to the defendant, George Decamp, dated the 8th of October 1832, which was after the assessment for taxes and treasurer's sale to the plaintiff. The plaintiff endeavoured to repel this allegation by evidence, that before the treasurer's sale, the defendant declared he had a good and sufficient title to the tract in question, without saying from whom, when or by what means derived; to one witness that he had been owner

for eight or ten years, but did not mention from whom he derived title: and Benjamin Leland swore he told him he had bought it sixteen years ago, and had paid 500 dollars for it, and had a deed which he offered to show. Now the remark of the judge below seems unexceptionable, that loose declarations of this kind will not be relied on by a court, particularly where they have not induced another to purchase; for there is nothing from which it can be ascertained, whether the title alluded to was by deed, by article of agreement, by parol contract and payment of money and delivery of possession, by devise or descent, or whether it was a title under Webster, or adverse to him. Something more specific is necessary to furnish that solid and satisfactory ground on which a court is to decide the rights of property. Then the court below is complained of, in the third error, for instructing the jury in substance, that no title but a deed would be available to the plaintiff. Taking the whole charge together, the court seem to admit, that a title out of Webster, if the jury were satisfied that there was any such at the time of the assessment for taxes, would suffice. At the same time, as the only specific title mentioned with any particularity in the plaintiff's evidence, was a deed, I do not think the court was to blame for confining the attention of the jury pretty much to that title alone.

Judgment affirmed.