■Mr. Justice SWAYNE.
 

 This cause.is brought here by :a writ .of error to the District Court of the United States for the District of Wisconsin.
 

 
 *600
 
 In .the Court below, Warren, the defendant in error, instituted an action of ejectment to recover the premises in controversy. Judgment was rendered in his favor. The defendant there is ■the plaintiff in error here.
 

 The parties made an agreement as to the facts which is set forth in the bill of exceptions. It was thereby admitted upon -he trial—
 

 .
 
 “
 
 That the plaintiff has a perfect chain of title to the land in question from the United States to himself; and that the defendant was in possession thereof at the time of the commencement of this suit; and that the land in suit is of the value of more than $2,000 ^
 

 “
 
 That the County of Rock, on the 6th day of.February, A. D. 1852, made and delivered to John M. Keep a paper purporting to be a tax deed of said premises, of which, and the certificate of acknowledgment, the following is a copy.’'
 

 (Here follow the copies mentioned, which it is unnecessary to insert).
 

 “ (The plaintiff, however,' not waiving any objection to said tax deed, which may appear on its face, or which may be made to appear by any other facts or evidence in the case).
 

 “
 
 That said deed was recorded in the office of the Register of Deeds for Rock County, where said land is situated, on February 6th, 1852 (subject to the objection, however, which is reserved by the plaintiff on the ground, that said deed is not so executed and acknowledged as to be entitled to be recorded); that immediately thereafter said Keep sold said premises to said defendant, and that said defendant immediately thereafter entered into possession of said premises, .and has been in possession ever since.
 

 " That the plaintiff, on the 29th day of February, 1848, that being the proper time to pay the taxes on said land, including the tax for the nonpayment of which said tax deed purports to be given, wrote a letter and sent it' by mail to the County Treasurer of said Rock County, who was.the officer authorized by law to demand and receive all the taxes on said land, including the delinquent tax in question, stating that he wished to pay
 
 *601
 
 tbe taxes on a list of lands mentioned, including the land in suit, asxing for a bill of the same, showing the amount that he might i emit; ■ that said Treasurer on the same day received said letter at his office, and answered it, inclosing a bill corresponding with the receipt hereinafter given, stating that the inclosed was the bill called for by plaintiff’s letter; .that thereupon the said plaintiff remitted' said amount to said Treasurer, who received the same, and returned to said plaintiff the said receipt herein after set forth the same day ; and that at the date of the receipt the Treasurer and the plaintiff supposed that all the taxes on said lands were included in said receipt; but the parties agree that the particular tax for which the land was sold and deed given was not'found by said Treasurer, and not included in said receipt. .. •y
 

 “That‘after the date of said payment and receipt no demand was made of said plaintiff for payment of said delinquent tax, nor had plaintiff actual notice that said tax remained unpaid until more than three years after the recording of the tax deed, but. that the premises were duly advertised for sale as by law required, and that said deed was recorded as hereinbefore set forth. That the said delinquent tax and costs amounted at the date of the sale to $19180'0. That- on the 11th day of April, 1857, said plaintiff deposited with the clerk of tüe Supervisors of Rock County the sum of $7Of0°0, being the full amount of sale, interest, and costs; to redeem said land mentioned in the said tax deed, and that the deposit still remains there, there being no other -unpaid tax on said land at that time.
 

 ¿“-The following is a copy of the receipt given, by said Treasurer, mentioned above, viz.:
 

 “ Territory of Wisconsin, Rock County,
 

 “ Treasurer’s Office,
 

 “February 29th,
 
 1S48.
 

 “ Received of the different owners, per Catlin & Williamson, agents, $25¡¡¡0, in full of the taxes charged for the year 1847, ón the following tracts of land in the County of Rock, W. T., consisting of the following items of tax, to wit: county, town, common school, territorial revenue, and
 

 
 *602
 

 “¥m. A. Lawrence,
 
 Treasurer.
 

 “
 
 The first two tracts being the land in question.”
 

 It appears further by the bill of exceptions that instructions
 
 to
 
 the jury were asked by the plaintiff in error, which were refused by the Court, to which refusal he excepted; and that instructions were given to which he also excepted.
 

 In the view which we have taken of the case, it is necessary to advert to those instructions only which relate to the Statute of Limitations.
 

 They are as follows:
 

 “ The counsel for the said defendant did request the said judge to charge the jury as follows:
 

 " 1. That it being admitted by the parties that the defendant • entered into possession of the land in question under a tax deed, and has held said possession under said deed more than three years, before the commencement of this action, and it being also admitted that said tax for which said land was sold was never paid, they will find for the defendant.
 

 “And the said judge refused to give said instruction, and to which refusal the said defendant, by his said counsel, did then and there, and in the presence of the said jury, duly except.
 

 “ And the said judge did also then and there further declare and deliver his opinion to the said jury, that the deed is void .on its face, as it recites that the several tracts therein described were sold collectively for a gross sum; and the deed being void
 
 *603
 
 neither it, nor the subsequent possession by the defendant under it for three years after the recording thereof, is a bar to the plaintiff’s recovery.
 

 . "To which said last-mentioned opinion and charge of the said judge the said counsel for the said defendant did then and there, and in the presence of the said jury, on behalf of the said defendant, duly except.”
 

 The Statute of Limitations relied upon by the plaintiff in error provides that—
 

 “
 
 Any suit or proceedings for the recovery of lands sold for taxes,-
 
 except in cases • where the taxes have been paid or the lands redeemed as provided by law,
 
 shall be commenced within three years from the time of recording the tax deed of sale, and not • thereafter.” Revised Statutes of Wisconsin of 1849, chap. 15 sec. 123, p. 164.
 

 The Courts of the United States, in the absence of legislation upon the subject by Congress, recognize the Statutes of Limitations of the several States, and give them the same construction and effect which are given by the local tribunals. They are a rule of decision under the 34th section of the Judicial Act of 1789.
 

 ■ The construction given to a statute of a State by the highest judicial tribunal of such State, is regarded as a part of the statute, and is as binding upon the Courts of the United States as the text.
 
 Shelby
 
 vs.
 
 Guy,
 
 (11 Wheat., 351);
 
 McCluny
 
 vs.
 
 Silliman,
 
 (3 Pet., 270);
 
 Greene
 
 vs.
 
 Neil's Lessee,
 
 (6 Pet., 291);
 
 Ross
 
 vs.
 
 Duval,
 
 (13 Pet., 45);
 
 Massingall
 
 vs.
 
 Downs,
 
 (1 How., 767);
 
 Nesmith
 
 vs.
 
 Sheldon,
 
 (1 How., 812);
 
 Van Rensselaer
 
 vs
 
 Kearney,
 
 (11 How., 297);
 
 Webster
 
 vs.
 
 Cooper,
 
 (14 How., 504).
 

 If the highest judicial tribunal of a State adopt new views as to the propér construction of such a statute, and reverse its former decisions, this Court will follow the latest settled adjudications.
 
 United States
 
 vs.
 
 Morrison,
 
 (4 Pet.);
 
 Green
 
 vs.
 
 McNeil's Lessee,
 
 (6 Pet., 291).
 

 This Statute of Limitations came under, the consideraticn of the Supreme Court of Wisconsin, in Edgerton vs.
 
 Byrd,
 
 (6 Wisconsin Rep., 597). The Court held:
 
 “
 
 A tax deed informal and defective
 
 *604
 
 in substance is admissible to show color of title in the defendant to bring him within the statutes of limitation.” “ Suits for the recovery of lands sold for taxes, except in cases where the taxes have been paid, or the lands redeemed according to law, must be commenced within three years from the time of recording the tax deed of sale, or no recovery can be had.”
 

 "Possession accompanied with a claim of title under a tax deed void for informality is adverse possession.”
 

 In
 
 Sprecker
 
 vs.
 
 Wakeley et al.,
 
 (11 Wis. R., 432), the subject came again under consideration. The Court re-affirmed the principles of the former decision.
 

 In answer to the objection, that it should be shown the land had been regularly sold, and that the officer who executed the deed had authority to give it, they say :
 

 “ But if this is a correct view of the statute we fail to perceive any object in passing it. For when the public authorities have proceeded strictly according to law in listing the lands, assessing the tax, making demand for the same at the proper time and place, advertising for non-payment of tax, &c., and have observed all the requirements of the statutes up to the execution of the deed, surely the tax deed in that case must convey a good title, or our revenue laws are illusory, and the power of the Government to raise means by taxation upon the property of its citizens necessary for its own support and action is entirely impotent and vain. But we think a party cannot be required to show that his tax deed has been regularly obtained before he can claim the protection of this statute, since such a construction renders the law unnecessary and useless.”
 

 In
 
 Hill
 
 vs.
 
 Kricke,
 
 (6 Wis. R., 442), the same Court held further, that possession by the party claiming under the tax deed was not necessary to the running of the statute; • that under the laws of Wisconsin, ejectment would lie against him without actual possession; and that the repeal of the statute after the bar became complete could not affect a title under it thus acquired. ■
 

 It is not claimed that fraud is an element in the case. The facts show there was none. The only exceptions made in the
 
 *605
 
 statute which prevent its application are where the taxes are paid before the sale, and where the land is redeemed within the, time prescribed by law after the sale.
 

 This case does not fall within either of these exceptions. We have no power to add to them. To do so, would be to usurp the function of another and-a distinct governmental department. It would be legislation, and not adjudication.
 
 Cocke & Jack
 
 vs.
 
 McGinnis,
 
 (1 Martin
 
 &
 
 Yerger, 264 (Mr. Justice Catron’s opinion);
 
 Troup
 
 vs.
 
 Smith,
 
 (20 J. R., 33);
 
 Leonard
 
 vs.
 
 Pitney,
 
 (5 Wend., 30);
 
 Howell
 
 vs.
 
 Hair,
 
 (15 Alabama, 194) ;
 
 Beckford
 
 vs
 
 Wade,
 
 (17 Vesey, jr., 87).
 

 The lapse of the time, limited by such statutes not only bars the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder.
 
 “
 
 It tolls the entry of the person having the right, and consequently, though the very right be in the defendant, yet he cannot justify his ejecting the plaintiff.” Buller’s N. P., 103;
 
 Stocker
 
 vs.
 
 Berney,
 
 (1 Lord Raymond, 741);
 
 Taylor
 
 vs.
 
 Hord,
 
 (1 Burr. 60);
 
 Barwick
 
 vs.
 
 Thompson,
 
 (7 Term. Rep., 492);
 
 Beckford
 
 vs.
 
 Wade,
 
 (17 Vesey jr., 87 ;)
 
 Moore
 
 vs.
 
 Luce,
 
 (29 Penn. R., 260);
 
 Thompson
 
 vs.
 
 Greene,
 
 4 Ohio S. R., 223);
 
 Newcombe
 
 vs.
 
 Leavitt,
 
 (22 Al. Rep., 631);
 
 Wenn
 
 vs.
 
 Lee,
 
 (5 Georgia Rep., 217 ;
 
 Chiles
 
 vs.
 
 Jones, et al.,
 
 (4 Dana, 483).
 

 The instruction refused, and that given, refer to the fact of . possession by the defendant below. The statute is silent upon that subject. It begins to run from the time of the recording of the deed, whether possession has or has not been taken.
 
 Hill
 
 vs.
 
 Kricke,
 
 (6 Wis. Rep., 447).
 

 It was admitted by the stipulation of the parties, that the deed in this case was recorded on the 6th of February, 1845. This suit was commenced on the 2d day of Ocuober, 1857.
 

 Upon this state of facts the Court below instructed the jury: “ That the deed being void, neither it, nor the subsequent possession under it, for three years after the recording thereof, is a bar to the plaintiff’s recovery.”
 

 This was clearly an error.
 

 According to the rulings referred to, of the Supreme Court of the State, it is immaterial whether the sale and the deed be void
 
 *606
 
 or valid. It is sufficient that a sale has been made, and the deed recorded — to bring the statute into activity — and after the lapse of the period limited, to entitle the purchaser, and those claiming under him, to its protection.
 

 Statutes of Limitation are now regarded favorably in al? Courts of Justice. ' They are “Satutes of Repose.” Usually they are founded in a wise and salutary policy, and promote the ends of justice.
 
 Tolson
 
 vs.
 
 Kage,
 
 (3 Brod. & Bing., 217);
 
 Lewis
 
 vs.
 
 Marshall,
 
 (5 Pet. 470.
 

 The equities in behalf of the plaintiff below, are strong. We have all felt their force. Without any fault on his part, he has been divested of the title to his land. But our duty is to apply the law — not to make it. If this statute be unwise or unjust the remedial power lies with the Legislature of the State, and not- with this Court.
 

 The judgment of the Court below must be reversed, and the cause remanded for further proceedings, in conformity with this opinion.