THOMAS TAYLOR v. ENOS M. MILES.

*Error from Miami County.*

1. TAX TITLES.—A tax deed made in pursuance of a sale of land for certain taxes, levied upon the land at a time when the land was not subject to taxation, is absolutely void.

2. ID: STAT. OF LIM.—Such a deed, duly recorded, is not of itself sufficient to start the statute of limitations into operation, as against the original owner of the land, or his grantee.

Statement of the Case.

3. ID: COLOR OF TITLE.—Such a deed, duly recorded for more than two years, for land which during the said two years remained vacant and unoccupied, gives the holder of the tax deed no rights to the premises.[5]

This was an action of ejectment brought by Thomas Taylor against Enos M. Miles, for a certain quarter section of land. The land in question remained vacant, or unoccupied by any one, until in January, 1869, when the defendant, Miles, took possession under his deed, and continued in possession until the time of trial. The only title on which the plaintiff below relied was a tax deed. It appears from the record in this case that the treasurer of Miami county, on the 23d of September, 1859, sold the land in controversy for the non-payment of the taxes assessed thereon for the year 1858; that at said sale the land was bid off for Miami county; that on the 25th of April, 1863, the certificate of sale was assigned to the said Taylor, and that on the 27th of April, 1863, the county clerk of said county made the said Taylor a tax deed, which was filed for record on the same day. This is the whole of plaintiff's title. The defendant objected to the tax deed, but it was admitted, and defendant excepted. The defendant then offered evidence proving that the land in question was entered by William Reynerson, in the Pawnee land district, on the 30th day of July, 1858, and by Reynerson conveyed

[1]. PRESUMPTIONS AS TO TAX DEEDS.—The presumption created by statute in favor of tax deeds does not affect substantial rights, but only shifts the burden of proof.

2. ID: AS TO TAXATION.—A party owning land subject to taxation is presumed to take notice of all legal steps in its taxation and sale for taxes, and is presumed to have waived mere irregularities unless he commences his action within the time prescribed. No such presumptions exist as to proceedings to tax land not liable thereto, and a tax deed thereof is no basis for constructive possession or title by prescription.

3. IRREGULARITIES: LIMITATION AS TO.—The legislature anticipated irregularities in tax proceedings, and enacted a limitation to act against them; but had no power to enact laws that would make a tax deed valid where the lands were not taxable.

4. LIMITATION LAWS.—A limitation law is one that bars a legal cause of action and must give a reasonable time for commencing an action, and when it has run, leaves the parties in possession of what they had before, and no more, and neither party has a right of action by reason thereof against the other.

5. ID: CONSTRUCTION OF.—Statutes of limitation are favorably considered as statutes of repose.

to defendant on the 18th of January, 1869. Upon these facts the court below found for the defendant, and rendered judgment for him, and it is now sought to reverse that judgment.

*B. F. Simpson*, for plaintiff in error.

*Wilson Shannon*, for defendant in error.

*Simpson, for plaintiff in error*, submitted:

1. The provisions of the statutes of Kansas, limiting the time within which suits can be brought for the recovery of land sold for taxes, are adopted from the laws of Wisconsin; and hence the construction thereof given in that state follows it, and becomes a part of the law in the state of its adoption. *Beamis v. Becker, et al.,* 1 *Kas.,* 226; *Stebbins v. Guthrie, et al.,* 4 *id.,* 353. ·

2. The construction universally given the statute under consideration, by the Supreme Court of Wisconsin, is, that it not only bars the remedy but extinguishes the right, and vests a perfect title in the adverse tax-deed holder. *Edgerton v. Byrd,* 6 *Wisc.,* 597; *Specker v. Wakeley, et al.,* 11 *id.,* 432; *Leffingwell v. Warren,* 2 *Black,* 599.

3. The only exceptions made by the statute which prevents its application, are where the taxes are paid before the sale, or where the land is redeemed within the time prescribed by law, after the sale. This case does not fall within either of the statutory exceptions.

4. This deed is in strict conformity with the statutory form, except that it is not witnessed; and where a tax deed is acknowledged, no witnesses are necessary. [*Stebbins v. Guthrie, et al.,* 4 *Kas.,* 353.] The statute requires the tax deed to be "duly witnessed," ("duly" means according to law.) According to the law of the state, witnesses to a conveyance are not required. Ac-

cording to the common law, no witnesses are required when the deed is acknowledged. [4 *Kent's Com.*, 458; *Dale v. Thurlow*, 12 *Metc.*, 157; 2 *Washb. Real Prop.*, 597.] The Wisconsin statute regulating conveyances requires two witnesses.

5. At the time of the decision of the case of Moore v. Brown, a case seemingly adverse, [11 *How.*, 414,] no construction of the statute of Illinois, under consideration in that case, had been given by the Supreme Court of that state. Subsequently the case of Irving v. Brownell, [11 *Ill.*, 402, 414,] was decided by that court, which gave a different construction to the statute than that of the Supreme Court of the United States. This was followed by the case of Woodward v. Blanchard, affirming Irving v. Brownell, and the Supreme Court of the United States, in the case of Wright v. Mattison, [18 *How.*, 50,] reversed its ruling in Moore v. Brown, and gave to the statute the same construction as the state court.

6. The following well-considered cases decide that it is immaterial whether the sale and deed be valid or void. It is sufficient that a sale has been made and the deed recorded, to bring the statute into activity, and after the lapse of the period limited to entitle the grantee of the tax deed to its protection. *Pillow v. Roberts*, 13 *How.*, 472; *Wright v. Matteson*, 18 *id.*, 50; *Leffingwell v. Warren*, 2 *Black*, 599; *Edgerton v. Byrd*, 6 *Wisc.*, 597; *Sprecker v. Wakeley, et al.*, 11 *id.*, 432; *Irving v. Brownell*, 11 *Ill.*, 402.

7. The courts universally refuse to depart from the plain meaning and literal expression of statutes of limitation, and will make no exceptions to their operation not made by the legislature. 3 *Gill & John.*, 394; *Paine's Cir. C.*, 61; 1 *Pet.*, [*U. S.*,] 360; 3 *id.*, 270; 8 *Cranch*, [*U. S.*,] 84; 8 *id.*, 98; 5 *Pet.*, [*U. S.*,] 407; 3 *Johns. Ch.*, 146; 17 *Vesey*, 38; 2 *Wheat.*, 25.

8. The tax deed of the plaintiff in error was recorded on the 27th day of April, A. D. 1863. The time within which the original owner, or those claiming under him, could maintain their action to recover possession, expired on the 28th day of April, A. D. 1865. The entry of the defendant into the unlawful possession of the land took place on the 1st of February, A. D. 1869. Thus the bar of the plaintiff had been complete for nearly four years before the unlawful entry which disturbed the repose the plaintiff enjoyed by the operation of the statute.

*Shannon, for defendant in error,* maintained:

1. The tax deed of the plaintiff is not merely voidable, but absolutely void from the beginning, for the reason that the land in question was not subject to taxation for the year 1858. By the seventeenth section of the act of February 12, '58, [*L.* '58, 352,] real estate to be taxable for the year 1858, must have been liable to taxation on the first day of July of that year. The property in question was not liable to taxation on that day as it belonged to the United States. The assessor had no authority to assess the land for taxation that year, that was purchased from the government subsequent to the first of July. The county officers had no jurisdiction in the premises, and their acts relative to the land then purchased are without any legal authority, and actually void, as much so as the judgment of a court would be, that had acquired no jurisdiction, either of the person or subject matter.

2. This is a jurisdictional question, and not merely one involving irregularities and omissions on the part of the officers between the assessment and the execution of the tax deed. In the latter case, the deed would be voidable. But when the officers had no authority to assess

the land, and no jurisdiction over the subject matter, their acts in relation to such property are void; an assessment thereof is no assessment; a tax deed founded thereon is no deed. It would not give color of title so as to make possession under it an adverse possession. The greatest effect that any of the authorities give to a deed that is void in its inception, is to receive it in evidence to show the extent of the parties possession. It being a presumption of law that he who enters under a deed, enters claiming according thereto, and that his possession is adverse to all other titles. But this is when the party relies on adverse possession against the legal title. In such case a deed by which nothing passed, may be evidence of the extent and character of his possession. But even for this purpose, the weight of authority is the other way. In the case of Wallingford v. Fiske [24 *Me.*, 386] it is held that a tax sale and deed being void, could give no rights whatever—such a deed would be as ineffectual to give seizin as it would be to convey title. In the case before the court, Taylor never was in possession and consequently can claim nothing by way of adverse possession. He relies on his naked tax deed, which has not and never had any legal foundation to stand on.

In 19th Illinois Report, page 226, it was held by the court that when the proceedings under a tax sale were void even the legislature cannot make valid a void proceeding.

An assessment in the name of a person who never was the owner, nor ever had been the owner of the property, would be an utterly void assessment, and no tax title could be predicated thereon. 23 *N. Y.*, 281; 42 *Mo.*, 167, 168.

The question we are considering was decided by Judge MILLER at the May term of the United States cir-

cuit court, 1867, for the district of Kansas, in the case of Thomas C. Swoope v. E. Purdy, *et al.* In that case the land had been assessed and taxed under the State law, when it was not liable to taxation, and a tax deed executed and placed on record more than two years before the commencement of the suit. The judge held the two year limitation law was not applicable to such a case. The assessors have no jurisdiction to assess the property otherwise than as the statute prescribes. A valid assessment is a necessary condition of an effectual transfer of the title. 42 *Mo.*, 168.

3. The defendant in error had no right to suppose that his land would be assessed for 1858, on the contrary he had a right to believe that it would not be assessed. The proceedings resulting in the deed have not sufficient legal vitality to put the two-year statute of limitation in motion. [6 *Watts*, 435; 5 *id.*, 348; 3 *id.*, 280; 2 *W. & S.*, 114; 4 *W. & S.*, 36; 9 *Barr*, 71; 8 *S. & R.*, 357.] To the same point see the following authorities: *Knox v. Cleveland*, 13 *Wisc.*, 246, 255; 19 *Iowa*, 508; 20 *id.*, 135; 21 *id.*, 69, 71; 13 *id.*; 87; 25 *id.*, 148.

4. The assessment and sale both took place under the act of 1858. The act of 27th of February, 1860, repeals the act of 1858, without any saving clause. All the provisions of the act of 1860 are prospective. There was no law in force when the sale certificate in this case was assigned and the tax deed executed, to assign sale certificates, or to execute deeds on sales of property for taxes in 1859. The two-year statute of limitation has nothing to do with this case. A tax deed is *prima facie* evidence that the land was taxable, but this may be rebutted. *Eaton v. North*, 20 *Wisc.*, 449.

*By the Court,* VALENTINE, J.

The plaintiff in error states in his brief that "The land, the subject matter of this litigation, was assessed for taxation in the year 1858, and sold for the taxes of that year. It is an admitted fact in the case, that this land was not entered at the district land office until the 30th day of July, 1858, and hence was not subject to taxation for that year. It is also conceded that the tax-deed of the plaintiff in error was recorded on the 27th day of April, A. D. 1863, and that said land from the time of the record of the tax-deed until February 1st, 1869, was unoccupied; and, at that time the defendant, the grantee of the original owner, took possession of said land."

This action was commenced in the court below, on the 17th day of May, A. D. 1869.

The plaintiff in error also says: "From these facts arises a single inquiry, which I desire to submit to the court, to-wit: Was not the defendant in error barred of his right of entry and possession by the statute of limitations, contained in the tax law, limiting the time within which suits can be brought to recover land sold for taxes to two years from the date of the record of the tax-deeds."

We think this is a sufficient statement of the facts, and of the question of law, which we are called upon to decide.

The plaintiff in error has nowhere told us where to find the statute of limitations which he relies upon in this case. But if any statute of limitations can be found, having any application to this case, it must be found among the following statutes: Laws of 1858, section 120, page 376; Laws of 1860, section 57, page 216; Compiled

Laws, section 16, page 126, section 57, page 870, section 11, page 879; Laws of 1866, section 90, page 284; General Statutes, sub. 3, section 16, page 633; section 25, page 635; section 116, page 1057; section 144, page 1063; section 7, page 1128. The plaintiff in error cites the cases of Edgerton v. Byrd, [6 *Wisc.*, 527,] Sprecker v. Wakeley, [11 *Wisc.*, 432,] and Lefingwell v. Warren, [2 *Black*, 599,] as being strong cases in support of his position, and he might have referred to other Wisconsin cases, if he had chosen to do so, upon the same point; while on the other hand, the cases of Groesbeck v. Seeley, [13 *Mich.*, 329,] and Baker v. Kelley, [11 *Minn.*, 480,] lay down a doctrine the very opposite of that claimed by the plaintiff in error.

We have been referred to 8 Sergeant and Rawle, 357; 3 Watts, 280; 5 Watts, 348; 6 Watts, 435; 8 Watts, 542; 2 Watts and Sergeant, 114; 4 Watts and Sergeant, 36; and 14 Alabama, 622; but have been unable to procure these reports.

We have examined other authorities,—those referred to by counsel and others,—many of which, as we think, have but little application to this case.

We are not aware that the exact question presented in this case has ever before been decided, except perhaps, by Justice MILLER, in the United States Circuit Court, at Topeka, in May, 1868, in the case of Swoope v. Purdy. [2 *Western Jurist*, 168.] The decision in that case was adverse to the tax-title.

LIMITATION AS TO Tax-titles. We do not propose to question the correctness of the decisions referred to by the plaintiff in error, but they do not decide this case. The question in those cases, was: whether a tax-deed void for some irregularity only, would, when recorded, start the statute of limitations to running. The question in this case is,

whether a tax-deed, not void on account of some irregularity merely, but void because the tax itself was not authorized—void because the land was not taxable—void because the state had no power to tax the land, will, when recorded, of itself set the statute of limitations to running.

The language of the opinions in the Wisconsin cases referred to, and in 2 Black, may seem broad enough to cover this case, but as no such question as the one presented in this case was before the courts delivering the opinions in those cases, they could not have decided this question. If this question had been before them they would undoubtedly have decided this question adversely to the position claimed by the plaintiff in error.

In the case of Knox v. Cleveland, [13 *Wisc.*, ORIGINAL TAXA-  246, 255,] decided since the said Wisconsin bility of the Land. cases (referred to by counsel for plaintiff in error) the court held the following language: "The general authority of the taxing officers, and the liability of the land to taxation being conceded, all other questions are at an end. If either of them (that is, the authority of the taxing officers, or the liability of the land to taxation) were wanting, another question would be presented. It might then be urged that there was a defect of jurisdiction; that the sale was altogether unauthorized and void, and passed no title or color of title, and furnished nothing upon which the .statutory bar could operate."

The case in 2 Black is a decision of the Supreme Court of the United States construing the statute of Wisconsin, and is but little more than a digest of the Wisconsin decisions therein referred to. It claims to be nothing more. Mr. Justice SWAYNE, in delivering the opinion of the court, says: "The construction given to a

statute of a state by the highest judicial tribunal of such
state, is regarded as a part of the statute, and is as bind-
ing upon the courts of the United States as the text.   If
the highest judicial tribunal of a state adopt new views
as to the proper construction of such statute, and reverse
its former decisions, this court will follow the latest set-
tled adjudications." [2 *Black*, 603.] Mr. Blackwell in
his treatise on tax-titles, says: "The fact that the land is
subject to taxation is the basis of the power to sell it in
case the owner proves delinquent. If the sovereign
power of taxation has never attached to the land, or
having legally attached, the land is exempted from the
operation of the taxing power, then it cannot be sold.  A
sale under such circumstances is void to all intents and
purposes.  In all cases, if the person taxed, or the sub-
ject matter of taxation be not within the jurisdiction of
the officer who makes the assessments, all subsequent
proceedings, by mere ministerial officers, acting under a
warrant or other authority to enforce the collection of the
tax, are deemed utterly void, the assessment being,
*coram non judice.* The owner is not bound to enjoin the
sale of his land under such circumstances, or resort to his
remedy against the officers, but may contest the validity
of the sale whenever the purchaser or his grantee attempts
to recover the possession, or establish his title to the
land." *Blackwell on Tax-titles*, 406.

DEED VOID ON ITS Face. It has been held by the Supreme Court of the
United States, and also by the Supreme Court
of the state of Wisconsin, that the recording of a tax-
deed, void upon its face, does not cause the statute of
limitations to run in favor of the holder of the tax-deed
and against the original owner. *Moore v. Brown*, 11 *How-
ard*, 414; *Lane v. Shepardson*, 18 *Wisc.*, 59.

And according to the Wisconsin decisions,
LIMITATION AS TO Party in Possession. where the original owner is in actual posses-
sion of the property, the statute of limitations
does not run against him, but runs in his favor and
against the holder of the tax-deed. [7 *Wisc.*, 388; 13
*Wisc.*, 245; 15 *Wisc.*, 532; 16 *Wisc.*, 594.] In the second
case, [*Knox v. Cleveland*, 13 *Wisc.*, 250,] Chief Justice
DIXON holds the following language with reference to a
section of their statute, which is very similar to ours:
"The construction which that section has heretofore
received is well understood. It is that, as to all cases
within its operation, it was like a two-edged sword, and
cuts both ways; that whichever party was under the ne-
cessity of resorting to legal proceedings pending the
time limited, in order to obtain actual possession of the
premises in dispute from the other, must have com-
menced his action within that time, or he was barred;
and that where neither was in actual possession by him-
self or those claiming under him, the original owner, or
party in default for the non-payment of the taxes, was,
by his failure to bring his action within the period pre-
scribed against the grantee in the tax-deed, or those
claiming under such title, precluded from maintaining it
afterwards, and that henceforth the latter were to be
considered as the real owners."

A tax-deed, even in Wisconsin, is only *prima*
TAX DEED: Prima facie Evidence. *facie* evidence that the land was subject to the
tax for which the deed was made, [20 *Wisc.*,
449,] and constructive possession of unoccupied land,
under a recorded tax-deed, will not entitle a party to
maintain an action to quit the title. [21 *Wisc.*, 179.] In
Iowa it has been held that: "It is not competent for the
legislature to create a presumption by making a tax-deed
conclusive, which shall override the facts, or stop the

party from proving the truth. *Corbin v. Hill*, 21 *Iowa*, 70, 72.

We shall now turn our attention more particularly to the discussion of the question in controversy.

We shall assume, so far as this case is concerned, that a tax deed, regular upon its face, is *prima facie* evidence that the land was subject to taxation, and also that it is *prima facie* evidence of the regularity of all proceedings, from the valuation of the land by the assessor, inclusive, up to the execution of the deed. But this presumption in favor of a tax deed, does not affect in the least the substantial rights of the parties; it only shifts the burden of proof from the holder of the tax-deed to the party who would attack its validity. A tax-deed, with a *prima facie* presumption of validity in its favor, is no better, when proved to be void, than a tax-deed that has no such presumption in its favor. They both then stand on the same footing; both are void.

But the plaintiff in this case does not found his claim so much upon his tax-deed, which he ad-<sub>LIMITATIONS AS to Tax-deeds in Kansas.</sub> mits to be void, as upon a supposed statute of limitations; and here we will concede for the purposes of this argument, that a tax-deed, void for some irregularity merely, is sufficient to cause the statute of limitations to run in its favor, but such a tax-deed we can hardly consider as void at all, but only voidable.

When a party may know that his land is subject to taxation, (and in such a case the law <sub>PRESUMPTION AS to Proceedings in Taxation.</sub> conclusively presumes that he does know it,) he is presumed to take notice of all the steps taken with reference to the assessment, levy and collection of taxes thereon; the sale, the deed, and the record thereof; and all other proceedings connected therewith; and if any mere irregularities occur in the proceedings, he is pre-

sumed to have waived the same, unless he commences his action within the prescribed time. But no such presumption can arise in favor of a *void* tax-deed, founded upon a void tax, which the state has no authority to impose.

The legislature of the state could never have intended any such thing. They have provided for taxing such lands as are taxable, and no others. They have provided for a sale of such lands as are taxable for delinquent taxes, and for a sale of no others; and have provided for the making and recording of tax-deeds upon such sales and upon no other sales; and they have enacted a statute of limitations in favor of such tax-deeds and in favor of no others. Can it then be plausibly maintained that the legislature ever intended to found a statute of limitations upon a deed, sale, or tax, which they never authorized?

LIMITATIONS AS to Irregularities. It may well be contended that the legislature anticipated irregularities in tax proceedings, as section 113 of the tax law of 1868, and previous tax laws will show; and therefore that they enacted a statute of limitations, curing such irregularities, in two years after the tax deed is recorded; but it cannot be contended that they ever contemplated making a good tax-title, on an absolutely void tax such as this. And they could not if they would. It is a jurisdictional question. The subject matter is beyond their jurisdiction, and they have no control over it, or at least for this purpose. Can it be claimed that a judgment, void because the court had no jurisdiction, either of the person or of the subject matter of the suit, can be made good by lapse of time, or by any statute of limitations? Would not such a claim be preposterous? And is a tax-deed a subject of more solemnity, or a matter to be treated with greater respect,

than a solemn judgment of a court of record? If this land had continued to belong to the United States, no one would have the hardihood to contend that the legislature could create a good tax-title to it.

We do not know what section of the different statutes of limitations the plaintiff in error relies upon in this case.

Section one hundred and sixteen [*Gen. Stat.*, 1057] of the present tax-law reads as follows: "Any suit or proceeding against the tax-purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, except in cases where the taxes have been paid or the land redeemed, as provided by law, shall be commenced within two years from the time of recording the tax-deed of sale, and not thereafter." This section can have but little application to the case at bar. This is not a "suit or proceeding *against* the tax purchaser, his heirs or assigns," but it is a suit *by* the tax purchaser, against the original owner of the land, or rather against the grantee of the original owner, and it is the plaintiff, and not the defendant, who is under the necessity of pleading the statute of limitations. This statute differs in some respects from all the other statutes, and as it was in force only a few months before the plaintiff commenced this action, we hardly suppose he will claim that any vested rights accrued to him under it.

The other statutes of limitations are substantially as follows: "Any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid or the land redeemed, as provided by law, shall be commenced within two years from the time of recording the tax-deed of sale, and not thereafter." *See statutes already cited.*

In this case it is the plaintiff and not the defendant who has brought an "action for the recovery of land sold for taxes," (provided such supposed taxes can be called "taxes,") and therefore, under the Wisconsin decisions, it is the plaintiff who is barred from prosecuting his action, and not the defendant who is barred from setting up his defense. *See decisions heretofore cited.*

The plaintiff however claims that he is entitled to the benefit of the statute for this reason: more than two years (and more than three years if three years were necessary,) had elapsed after the recording of the tax-deed and before the defendant took actual possession of the land, and before this suit was commenced; that before the defendant had taken any steps towards the recovery of his land which had been sold for taxes, the full time prescribed by the statute had elapsed, the statutory bar had become complete, and an absolute estate had been vested in the plaintiff.

LIMITATION AS to Possession. If this was an ordinary tax-deed the plaintiff would have some authority under the Wisconsin decisions for making such a claim. [11 *Wisc.*, 442; 13 *id.*, 246, 251; 15 *id.*, 533, 537; 16 *id.*, 603; 21 *id.*, 182; see also, 2 *Black*, 605.] And the theory upon which these decisions hold such a doctrine is, that the holder of the tax-deed has the paramount legal title; that if the land is vacant and unoccupied this title draws after it the constructive possession of the property; that the making and recording of the tax deed is therefore a constructive ouster of the original owner, and is such an assertion of title and possession as will enable the original owner to maintain ejectment against the holder of the tax-deed; and, that if such original owner does not commence such action within the two years prescribed by the statute, the statute not only bars his remedy, but extin-

guishes his right, and vests a perfect and absolute title in the adverse party.

It will be seen that this whole doctrine rests upon a constructive change of possession; Mr. JUSTICE COLE in the case of Jones v. Collins, [16 *Wisc.*, 603,] uses the following language : " To our minds the evidence fails to show that those claiming title under the tax-deeds, so dispossessed or disturbed the possession of the estate of Jones in the premises as to lay the foundation of the three years' limitation under the statute. The law evidently contemplates *a change of possession, constructive or actual, otherwise the bar will not apply.* It is true, we have held in Hill v. Kricke, 11 Wisconsin, 442, and Knox v. Cleveland, 13 id., 245, that when the premises were *unoccupied,* the recording of the tax deed was such an assertion of title as to enable the original owner, if he wished to contest its validity, to bring his action for that purpose. The result of this doctrine undoubtedly is that the recording of the tax-deed draws after it the constructive possession in a case where the premises are unoccupied, or there is no actual possession by either party."

This doctrine is wholly inapplicable to the case at bar. A void tax-deed founded upon a void tax can neither create *title* nor draw to its holder the *constructive possession* of the property. It is void for all purposes. The original owner still continues to hold the absolute and paramount title, both in law and equity, and to hold the constructive possession of the property.

And it has been held that even a tax-deed void for irregularities only, if the irregularities appear upon the face of the deed, has not the power to change the title to unoccupied land or to change the constructive possession of the same and is not, therefore, sufficient to start the

statute of limitations into operation as against the orig-
inal owner of the land, when the same is unoccupied.
11 *Howard*, 414; 18 *Wisc.*, 59.

It is conceded that statutes of limitation are now
everywhere upheld; that they are considered favorably
as statutes of repose; but it does not therefore follow
that everything that may be called a statute of limitation
is a statute of limitation; nor that statutes of limitation
shall be applied where they can have no possible appli-
cation.

*First.* A statute of limitation can only be ap-
plied where one person has received or suffered
some injury from another person either in
contract or tort. It must operate to bar a *cause of action*,
for it seems absurd to say that a cause of action can be
barred, if no cause of action has ever accrued.

*Second.* Every statute of limitation must give the
injured party a reasonable time in which to commence
his action, or the statute itself is void, tending to disturb
vested rights.

*Third.* When the statute has run its full time, the
effect is to leave the parties in possession of just what
they had before, nothing more and nothing less; and
neither party has a right of action against the other; the
injured party has lost his remedy.

With the light of these three fundamental proposi-
tions, we now propose to consider this supposed statute
of limitation, or rather the application of it to this case.

*First.* If the tax-deed of the plaintiff was so void
that it did not disturb the defendant's title to the land
nor his possession, nor create any lien thereon, how was
the defendant injured?

*Second.* If the entire title to the property, and the
possession thereof, and everything pertaining to the same,

LIMITATION
Laws: Applica-
tion of.

was in the defendant up to the last minute before the statute had completely run; and if the same was transferred to the plaintiff on the first minute after the statute had run, when had the defendant his reasonable time in which to commence his action? He could not commence an action to *recover* property that was already in his own possession; and he could not evict any one that was not on his land or in possession thereof, either actually or constructively. He, therefore, never had an opportunity to have his day in court.

*Third.* Up to the last moment before the statute had completely run, the plaintiff had no title, no possession, either actual or constructive, no property, no right of any kind to the land; and the next moment when the two years had elapsed, and the statute had completely run, the plaintiff was left in the same condition as he was before, with the same rights and the same property that he had before, and no more; and secure, (as he was before) from any action to recover anything back from him.

If it is intended by the statute to compel a man to sue before he is injured; if it is intended to compel him to commence an action for the recovery of his land while he is in the full possession and enjoyment of the same; and in default thereof, if it is intended to take his property from him, and during the same minute give it to another, it is a statute of confiscation and not a statute of limitation. [13 *Mich.*, 329; 11 *Minn.*, 480.] Such a statute could not be upheld. The legislature cannot say that a man shall do a thing that they have no right to compel him to do, and then say if he does not do it he shall forfeit his estate. The legislature may properly compel a man to watch the offices of the county treasurer, the county clerk, and the register of deeds, to see that no

tax-title shall accrue upon his land, if it is subject to taxation, to see that no valid tax-lien shall ripen thereon by lapse of time into an absolute estate; but they have no authority to compel men to watch to see that no tax-title shall accrue upon land not subject to taxation. The defendant had no right to suppose his land would be taxed for the year 1858; on the contrary, he had a right to believe it would not be taxed for that year, as it was not subject to taxation.

It is claimed by the plaintiff in error that the only defenses that the defendant can set up to this action are: that he paid the taxes, or redeemed his land from sale for taxes. Now, suppose this is all true, can a single cent of *tax* upon this land be pointed out that the defendant has not paid? And here we must say that we suppose that the word tax, or taxes, in the statute, cannot mean something that is beyond the power of the legislature to impose, and something that his land could not possibly be liable for. The defendant may well plead that he has paid every tax that has ever been due upon his land; and as he has done so, it would be grossly unjust that he should forfeit his land for a pretended tax that was never due upon the same.

The judgment of the court below is affirmed.

All the justices concurring.