G. W. CRAVEN *et al.* v. R. M. BRADLEY *et al.*

1. MORTGAGE—*Foreclosure—Parties.* Where a foreclosure suit is commenced after the death of the mortgagor against such mortgagor, and neither his heirs nor personal representatives are made parties thereto, the judgment and all proceedings are void as against the heirs of the mortgagor. (*Richards v. Thompson,* 43 Kas. 209.)

2. EJECTMENT—*Limitation of Action.* Where land is vacant and unoccupied until 10 years prior to the commencement of an action in the nature of ejectment against the parties in possession thereof, the 15-year statute of limitations has no application.

3. REVIEW—*Question not Raised Below.* The supreme court will not pass upon the question whether a defendant, in an action in the nature of ejectment, is entitled to the possession of the land until there has been refunded to him the purchase money, under the provisions of § 613 of the civil code, before a request for relief under that section has been presented and acted upon by the trial court.

*Error from Pottawatomie District Court.*

ACTION by *Bradley* and others against *Craven* and another to recover land. Judgment for plaintiffs, and defendants bring the case here. The opinion states the facts.

*D. V. Sprague,* and *B. H. Tracy,* for plaintiffs in error:

This action was and is barred by the statutes of limitation, not having been commenced within 15 years from the date when said cause of action accrued, if plaintiffs below ever had a cause of action.

The money borrowed by Adams at Leavenworth in 1859, for which said trust deed was given, and for which said land was sold by the sheriff, was purchase money, in law and in fact. It is well settled, and this court has already held, that a mortgage given to secure payment of money borrowed to purchase land from the government is a mortgage for purchase money. The trust deed recites that it was given to secure the payment of purchase money, and the defendants in error are estopped from denying it, they being the heirs of

and claiming title under John L. Adams, who executed said trust deed.

The foreclosure proceedings, sheriff sale and deed were not subject to a collateral attack in this ejectment proceeding. 12 Kas. 282.

If said money was and is purchase money, we were entitled to a judgment for the amount of the judgment rendered in the foreclosure suit, by virtue of § 613, p. 683, Dass. Stat. of 1885; also, 21 Kas. 602. And we were entitled to the possession of the premises until the same should be paid in accordance with said act.

The money procured by Adams at Leavenworth, and for which said land was sold, was and is purchase money, and the court erred in holding otherwise. 16 Kas. 54. As to a collateral attack, see 29 Kas. 337; 12 id. 282; Freem. Judg., p. 116; 16 Am. Dec., p. 702. As to the rights of parties by virtue of a service by publication, see 24 Kas. 428.

We are entitled to the relief as provided in § 613, p. 683, Dass. Stat. of 1885, heretofore cited, should our title fail. The equity of the case is certainly with the plaintiffs in error. Mr. and Mrs. Adams remained but a few months on the land, did but little work thereon, borrowed the money, and left the state.

*W. F. Challis,* and *Valentine, Harkness & Godard,* for defendants in error:

John L. Adams had been dead for more than a year before suit was commenced for the foreclosure of the mortgage; no heirs or personal representatives were made parties to the suit. That such a judgment is absolutely void, and that defendants below can claim no rights thereunder, is too plain a proposition to be discussed here. *Green v. McMurtry,* 20 Kas. 189; *Richards v. Thompson* 43 id. 209; 1 Black, Judg., § 203; Freem. Judg., § 117; *Crosley v. Hutton,* 98 Mo. 196.

That such a judgment can be attacked collaterally in this state is also well settled. The authorities cited by plaintiff

in error as to such attack, and the rights of a party by virtue of a service by publication, are inapplicable, as they have reference to judgments that were voidable only. See cases cited above; also the following: *Mastin v. Gray*, 19 Kas. 458; *Head v. Daniels*, 38 id. 1.

The 15-year statute of limitations has no application to this case. The land was vacant and unoccupied from the time Adams left it until about 10 years prior to the trial of this action in the court below. *Taylor v. Miles*, 5 Kas. 515; *Myers v. Coonradt*, 28 id. 211, 215. See, also, *Head v. Daniels*, 38 Kas. 5.

In order that a trust deed or mortgage may be considered as one given for purchase money, the relation of vendor and vendee must exist between the parties thereto. This is the construction usually given to such statutes, and it is only in some rare instances, and under circumstances not shown to exist in this case, that any other mortgage or trust deed can be construed as a purchase-money mortgage. 19 Am. & Eng. Encyc. of Law, pp. 573, 583, and notes; *Eyster v. Hatheway*, 50 Ill. 521; *Henisler v. Nickeme*, 38 Md. 270.

We are cited to the case of *Nichols v. Overacker*, 16 Kas. 54. This case was decided under our broader constitutional provision; and yet the court there held that the mortgage in question was valid, for the sole reason that the money, for the repayment of which the mortgage stood as security, was borrowed and loaned for the express purpose of being used in the purchase of the land mortgaged. The burden of proving the validity of the trust deed was on the defendants below.

The opinion of the court was delivered by

HORTON, C. J.: John L. Adams was the patentee of the land in controversy, and the plaintiffs below are his sole heirs. Neither he nor his heirs have ever made any conveyance of the land or any part thereof. Adams was a married man, and occupied the land with his family as a homestead from March till November, 1859. September 17, 1859, Adams alone executed a trust deed upon the land, conveying the same

in trust to D. R. Anthony, to secure the payment of a note for $140.50 to one Joseph Bates. Mrs. Adams, now Mrs. R. M. Bradley, did not sign the trust deed, and did not know of it till afterward. Adams died August 14, 1864. Suit was commenced to foreclose the trust deed November 29, 1865. Joseph Bates was plaintiff in this action, and the only defendants named were John L. Adams and D. R. Anthony. Summons was issued against John L. Adams and returned "not found," and service was attempted to be made upon him by publication. A decree for foreclosure of the trust deed was entered, and the land sold thereunder to D. R. Anthony, under whom the Cravens claim. The sheriff's deed to D. R. Anthony was dated March 16, 1867. On the 23d day of July, 1889, the heirs of John L. Adams, deceased, brought their action against G. W. and S. M. Craven, the parties in possession and holding Anthony's title, to recover the possession of the land. Judgment was rendered in favor of them and against the Cravens. Of this judgment they complain.

The statute in force at the time that the trust deed of September 17, 1859, was executed to Adams provided that such a deed "was not valid without the signature of the wife to the same, unless the mortgage was given to secure the payment of purchase money, or some portion of the same." Whether the money borrowed on the trust deed was "purchase money" within the legal definition, we are not called upon to consider, as the mortgage has never been properly or legally foreclosed.

It is claimed that this action, when commenced, was barred by the 15-year statute of limitation. The 15-year statute does not control, because the land was vacant and unoccupied from the time Adams left it in 1859 until about 10 years prior to the commencement of this action. (*Taylor v. Miles,* 5 Kas. 515; *Myers v. Coonradt,* 28 id. 211–215.) Further, the 15-year statute of limitations was not pleaded or presented in any way to the trial court.

It is next claimed, that the decree of foreclosure is conclusive and not subject to any attack in the action brought

by the heirs of John L. Adams, deceased. It appears, however, that Adams had been dead for more than a year before the foreclosure suit was commenced. Neither his heirs nor personal representatives were made parties. It was decided in *Richards v. Thompson*, 43 Kas. 209, that

"Where the holder of a mortgage, long after the death of the mortgagor, proceeds to foreclose his mortgage, making no person a party to the suit except the holder of the mortgage and the mortgagor, and service of summons is obtained by publication, and the foreclosure proceedings are prosecuted to final determination, and a sheriff's deed is executed and recorded, *held*, that all the foreclosure proceedings, including the sheriff's deed, are void as against the heir of the mortgagor and the grantee of such heir, although no action was instituted questioning the validity of such proceedings or deed for more than five years after the sheriff's deed was executed and recorded." (Freem. Judg., § 117; *Crosley v. Hutton*, 98 Mo. 196; 1 Black, Judg., § 203; *Mastin v. Gray*, 19 Kas. 458; *Head v. Daniels*, 38 id. 1.)

Finally, it is claimed that G. W. and S. M. Craven were entitled to the possession of the land until the plaintiffs below had refunded the purchase money, with interest, under the provisions of § 613 of the civil code. A sufficient answer to this claim is, that these parties never made any request to the court below for any relief under that section. It appears from the record that, after the judgment was rendered, the defendants, in open court, demanded the benefits of the occupying-claimant law for the valuation of improvements and the assessment of damages. The court granted the application. No further request was made about any other relief, and, of course, this court cannot consider a complaint of the kind now urged, before the trial court has had the opportunity to act thereon.

The judgment of the district court will be affirmed.

All the Justices concurring.