## OREN DOTY v. ALBERT BASSETT.

DELINQUENT TAXES—*Chapter 39, Laws of 1877, Construed.* Chapter 39, Laws of 1877, relating to the collection of delinquent taxes on real estate bid off by counties and cities at tax sales, is to be understood as referring to real estate where "taxes are due and unpaid," and not as including real estate belonging to the United States, and therefore not liable to taxation.

### *Error from Greenwood District Court.*

ACTION by *Oren Doty* against *Albert Bassett,* to recover the southwest quarter of section 17, township 23 south, of range 10 east, in Greenwood county, basing his claim thereto upon a patent from the United States, dated November 11, 1872, to A. P. Hamilton, who conveyed to Alvin Poor, by warranty deed, November 25, 1878. Poor conveyed the land to Doty by warranty deed, February 4, 1879. The nature of Bassett's claim to said land is stated in the opinion herein. Trial in the court below at the January term, 1888. The court found that the defendant had the legal title to the land, and quieted it in him and against the plaintiff, who brought the case to this court. During the session in October, 1890, it was decided, and there was filed herein an opinion, (syllabus and opinion by GREEN, C.,) recommending that the judgment of the court below be reversed, and the case remanded for a new trial. By the court it was so ordered— all the justices concurring. The syllabus therein formulated and declared to be the law, is as follows:

"In a suit to collect delinquent taxes on real estate, bid in by a county, under chapter 39 of the Laws of 1877, each tract of land or town lot should be described in the petition, to give the court jurisdiction over the subject-matter. Where a petition is so essentially defective as to show no description of the land against which a decree was rendered for alleged taxes, *held,* that such judgment and decree as to that particular tract of land, not described in the petition, is void for want of jurisdiction."

Thereafter the defendant in error filed a motion for a rehearing, which the court overruled at its session in March, 1891, and filed herein the new syllabus, *supra*, and the opinion, *infra*.

*R. P. Kelley*, and *R. S. Smedley*, for plaintiff in error.

*Clogston, Hamilton, Fuller & Cubbison*, for defendant in error.

*Per Curiam:* The land in controversy was located by A. P. Hamilton with a land warrant, on June 6, 1871, and was approved August 20, 1872. It was assessed for taxes in the spring of 1871, before the location of the land warrant, and while it was government land. It was sold to the county in May, 1872, for $4.84 for the tax wrongfully assessed against it in 1871. The land has always been vacant. The taxes for the year 1872, and each year since, have been paid by Oren Doty or his grantors. In October, 1877, an action was begun in the district court of Greenwood county to subject a large number of pieces of land to the payment of taxes, under the provisions of chapter 39 of the Laws of 1877. This land was attempted to be described in an exhibit filed with the petition, but it is doubtful whether it was ever attached as an exhibit. A judgment was rendered for the alleged tax of 1871, and penalties, amounting to $19. The land was appraised at $200. It was subsequently sold and bid in by the county with much other land, and retained by the county until after the repeal of said chapter 39. On the 9th of January, 1880, the board of county commissioners sold about 14,000 acres of land, including this piece, at private sale, to Ira P. Nye, J. M. Seidle, H. C. Rizer and C. A. Wakefield for $1,000, and conveyed the same by a quitclaim deed. Albert Bassett claims title by a quitclaim deed from Nye and Seidle, executed March 10, 1882. He paid about six cents per acre. Oren Doty and his grantors, having all been non-residents of Greenwood county, had no actual knowledge of the existence of the claim of title of Bassett, or the facts upon

which the same is based, until a few months before the bringing of this action, when in attempting to sell, an abstract of title revealed the same. On the 7th of September, 1887, Doty obtained a decree quieting title against Greenwood county. This is an action to quiet his title as against the pretended claim or title of Albert Bassett.

The collection of taxes is a proceeding *in rem.* There is no inherent vice in collecting taxes by judicial proceedings in the courts, if the property or real estate is taxable, and there are taxes to collect. A tax, when duly levied, becomes a lien upon the land, which may be enforced in such manner as the Legislature may prescribe. (*Pritchard v. Madren,* 24 Kas. 486.) But in this case no tax was duly levied. The real estate was government or public land, and not subject to assessment or taxation on the 1st of March, 1871. The 1st of March is the time at which the taxability of property is determined. This is true, as a general rule, of both personal and real property. (Gen. Stat., p. 1023, § 8; p. 1024, § 11; p. 1027, § 19; p. 1029, §§ 25 and 27; p. 1032, § 35.) The last section provides that "lands entered on or before the 1st day of March in each year shall be subject to taxation for that year." (*Long v. Culp,* 14 Kas. 412.) As the land was not taxable in the spring of 1871, and as the land had not been sold or bid in by the county for any delinquent taxes, chapter 39, Laws of 1877, had no application, and the district court no jurisdiction to condemn or sell the land. Said chapter 39 has application only "for any taxes due and unpaid." Where land is not taxable, there are are no "taxes due and unpaid." (*K. P. Rly. Co. v. Culp,* 9 Kas. 38. See note containing the opinion of Mr. Justice Miller, of the United States supreme court; *Taylor v. Miles,* 5 Kas. 498.)

As the alleged tax of 1871 was not merely voidable, but absolutely void from the beginning, for the reason that the land in question was not subject to taxation for that year, neither the legislature nor the court had any control over the land to levy or collect taxes thereon for 1871. In *Taylor v.*

*Miles,* supra, it was said, among other things, by Mr. Justice VALENTINE, that—

"When a party may know that his land is subject to taxation, (and in such a case the law conclusively presumes that he does know it,) he is presumed to take notice of all the steps taken with reference to the assessment, levy and collection of taxes thereon; the sale, the deed, and the record thereof; and all other proceedings connected therewith; and if any mere irregularities occur in the proceedings, he is presumed to have waived the same unless he commences his action within the prescribed time. But no such presumption can arise in favor of a void tax deed, founded upon a void tax which the state has no authority to impose. . . . The legislature cannot say that a man shall do a thing that they have no right to compel him to do, and then say if he does not do it he shall forfeit his estate. The legislature may properly compel a man to watch the offices of the county treasurer, the county clerk, and the register of deeds, to see that no tax title shall accrue upon his land, if it is subject to taxation, to see that no valid tax lien shall ripen thereon by lapse of time into an absolute estate; but they have no authority to compel men to watch to see that no tax title shall accrue upon land not subject to taxation. The defendant had no right to suppose his land would be taxed for the year 1858. On the contrary, he had a right to believe it would not be taxed for that year, as it was not subject to taxation."

The motion for a rehearing will be overruled, and the judgment of the district court will be reversed—solely upon the ground, however, that the land could not be assessed for taxes in the spring of 1871, as it was not subject to taxation, and therefore that said chapter 39 did not apply, because that act relates to the collection of delinquent taxes on real estate. Here there was no delinquent tax. The district court therefore had no jurisdiction. (See also *The State v. Doe,* 36 Cal. 220.)

The syllabus and opinion originally filed in this case are hereby reconsidered. The questions referred to in the syllabus and former opinion are not passed upon, and this opinion will be substituted for the opinion handed down from the commission.

As before stated, the judgment of the district court will be reversed, and the motion for a rehearing overruled.