## NOYES SPICER v. MARTIN L. WHEELER.

TAX SALE—*Sufficiency of Petition—Defective Description.*  A petition filed under chapter 39 of the Laws of 1877, to obtain a sale of lands for delinquent taxes, which does not mention all the lands sought to be sold, either in the title or body of the petition, but refers to an exhibit as attached thereto and made a part thereof as containing a description of the lands, but where no exhibit is in fact attached to the petition, but a loose paper indorsed with the title of the case is filed with the clerk, which in fact contains a description of the land, and a statement of the taxes, etc., claimed to be a lien on it, is not sufficient as a basis of jurisdiction for the court to render any judgment for the sale of the lands not described in the petition; and where a judgment is rendered under such a petition, and lands not mentioned in any manner except in the exhibit are sold thereunder, such sale is void, and confers no title on the purchaser.

*Error from Greenwood District Court.*

ACTION by *Spicer* against *Wheeler* to recover certain land. Judgment for defendant.    The plaintiff brings the case to this court.    The facts are stated in the opinion.

*Almerin Gillett,* for plaintiff in error:

We think this case stands practically on all fours with the case of *Doty v. Bassett,* 44 Kas. 754.    The sheriff's deed in this case, we think, is void because it does not comply with the statute, nor does it follow any judgment, and, as the plaintiff's title is clearly made out, he ought to recover in this case. This law ought long ago to have been declared invalid on account of the looseness that characterizes it.    The title of the

case does not indicate the land in controversy at all, or its owner. The petition does not indicate the land in controversy nor mention it at all. In this case an exhibit was filed with the petition, which the court finds was not attached to it, in which a reference to this land was made under the name of J. H. Struthers, but Struthers did not own the land, and the land is not made a party to the suit; and, if this is to be construed as a proceeding *in rem*, it seems to me essential that the thing itself must have been made a party defendant to the suit by some appropriate description in the title. It would have been as easy to have made the north half of southwest quarter of 3–24–11 a party defendant to this suit as it was to name the southeast quarter of northwest quarter of 9–25–13 as a party.

We are aware that the court, in the case of *Pritchard v. Madren*, 24 Kas. 486, held this law unconstitutional, but this was only as to the questions presented to the court at that time. We do not in this case ask the court to hold this law unconstitutional in whole, but we would ask the court to say that this tract of land is not made a party defendant to this suit by the designation of the words "and other property." When real estate subject to exact description is sought to be appropriated upon such a loose description, we contend that its owner is not made a party by being designated among the defendants as, "others unknown and all persons having or claiming an interest therein." The words "and other property" are as apt words to designate personal as real property, and we do contend that no person and no specific real property can be made defendants in such a suit by this loose designation of "and other property" for the land, "and others unknown" for its owner, and be constitutional and valid. The owner, if effect is to be given to such a judgment, is deprived of such property without having his day, or without having an opportunity to have his day, in court.

Now, to summarize the objections, they are as follows : (1) The land was government land and not subject to taxation for the taxes of 1869, it having been patented by the govern-

ment on July 1, 1869. (2) The pretended judgment is in excess of the petition. (3) Neither the land nor its owner is made a defendant in the title of the suit. (4) The exhibit in which the land in controversy is described was never in fact attached to the petition, and therefore it never became a part of it. Consequently, the petition contains no allegations in regard to this tract of land.

*Clogston & Fuller*, for defendant in error:

The plaintiff in error presents four assignments of error: First. "The land was government land, and not subject to taxation for the taxes of 1869, it having been patented by the government on July 1, 1869." The facts are (but are not shown by the record), that the land was entered at the local land office April 9, 1868, and therefore was taxable for the year 1869. The defendant is not concluded by the finding that the patent was issued July, 1869. The district court, which foreclosed the lien against this property in the suit of the board of county commissioners of Greenwood county against the southeast quarter and other lands and other unknown defendants, finds that the land was subject to taxation for the year 1869 and was duly assessed for that year, and taxes duly levied thereon. The presumption that the court had competent evidence upon which to find that fact cannot be now controverted, except the plaintiff clearly shows that the land was government land at that time; then, under the decision of *Doty v. Bassett*, 44 Kas. 754, the court would have no jurisdiction when the fact was shown. In that case, the record showed at what time the land was entered and at what time the patent was issued.

Second, "The pretended judgment is in excess of the petition," and, third, "That neither the land nor its owner is made a defendant in the title of the suit." We will consider the second and third alleged errors together, as they are covered by the same authority.

The attorney for the plaintiff has seen fit to reopen and reargue the case of *Pritchard v. Madren*, 24 Kas. 486, and has

asked the court to pass again upon the constitutionality of this law. The irregularities which he claims are presented by this record are the same irregularities that were presented to the court in the case above referred to. We do not desire, or deem it necessary, to go over that case and reargue the theory of the law that this court adopted in that decision. See, also, *Greenawalt v. Este*, 40 Kas. 418, and *McGregor v. Morrow*, 40 id. 730.

The fourth assignment of error: "The exhibit in which the land in controversy is described was never in fact attached to the petition, and therefore never became a part of it. Consequently, the petition contains no allegations in regard to this tract of land." We are fully aware of the facts in the case of *Doty v. Bassett*, 44 Kas. 754, and also aware of the first opinion handed down by the commissioners, which was afterward substituted by the decision of the court. We want to call the attention of the court to the difference between the findings of fact in this case and those in the Doty case. The court in this case, as a part of its findings, finds as follows: "An exhibit which was filed therewith (referring to the peti-, tion) and as a part thereof, but which was never in fact .in any way attached thereto, and which is in words and figures following, to wit."

Now, the court finds that the exhibit which the petition refers to as "Exhibit A," and which it said was attached and made a part thereof, was in fact not attached, but finds that it was a part thereof; that is, a part of the petition. It was filed together with the petition, and on the back of that exhibit we find that it was filed at the same time, each bearing separate filings. The finding of the court that it was a part of the petition, it seems to us, distinguishes it from the case of *Doty v. Bassett*, supra.

This court has held that, in proceedings under chapter 39 of the Laws of 1877, in a collateral attack, as in this case, no matter what irregularity there was in the proceedings or judgment, such irregularity cannot be corrected in such collateral attack, and that, the court having jurisdiction, the

judgment must stand until reversed by direct proceedings. *Pritchard v. Madren,* 24 Kas. 486; *Pritchard v. Madren,* 31 id. 38; *Head v. Daniels,* 38 id. 1.

The opinion of the court was delivered by

ALLEN, J.: Noyes Spicer brought this action in the district court of Greenwood county to recover the north half of the northwest quarter of section 3, township 24, range 11. The case was tried by the court, and the facts found specially. A patent was issued for the land from the United States to Moses Elliott in 1869, and on September 20, 1886, Moses Elliott deeded to the plaintiff. The defendant claims title derived from a proceeding in the district court of Greenwood county, under chapter 39 of the Laws of 1877. On the 3d day of October, 1877, a petition was filed in the district court by the county attorney of Greenwood county, entitled "The board of county commissioners of Greenwood county, plaintiff, *v.* the southeast quarter of the northwest quarter of section 9, in township 25, of range 13, and other property, and F. A. McLane, J. H. Struthers, and others unknown, and all persons having or claiming any interest therein."

The body of the petition commences as follows:

"The board of county commissioners of Greenwood county, the above-named plaintiff, complains of the southeast quarter of section 9, township 25, range 13, and other property, and F. A. McLane and others unknown, and all persons having or claiming any interest therein, and above-named defendants, and alleges that said described real estate was sold at delinquent tax sale in said county on the 3d day of May, 1870, for the delinquent taxes for the year 1869, and the same was bought in by said county, and has ever since remained and still does remain unredeemed, and the certificate of sale untransferred, and that a list is hereto attached, marked 'Exhibit A' and made a part of this petition, which shows the amount of the tax for which said real estate was sold, including penalties, rate per cent. and costs of said sale, together with the amount of subsequent levies for the years 1870, 1871, 1872, 1873, 1874, 1875 and 1876 charged up to said

sale, and the amount of the penalties, interest and costs' due on said subsequent levies, and the total amount of all taxes, penalties, interest, charges and costs due and unpaid on said described real estate, together with the name of the owner thereof, as appears from the tax roll of said Greenwood county."

The petition concludes with a prayer for judgment for the unpaid taxes, penalties, and interest, and the sale of the lands described. The trial court further found, that "an exhibit which was filed therewith, and as a part thereof, but which was never in fact in any way attached thereto, and which was in words and figures following, to wit." Then follows a paper containing a description of the lands mentioned in the petition and those in controversy, with a statement of taxes, penalties, costs, and interest. The name of J. H. Struthers, which appears in the title of the action, is placed opposite the description of the lands in controversy in this case, though no such person appears to have had any interest in them. Based on this petition and a publication notice, and without any appearance on the part of the owner of the land, a judgment was rendered directing the land to be sold, and the title claimed by the defendant is derived solely through these proceedings.

The only one of the questions raised in this case we deem it necessary to consider is, whether the district court gained any jurisdiction over the land in controversy by virtue of the proceedings instituted by the county attorney under chapter 39 of the Laws of 1877. The proceeding contemplated is one *in rem*. In *Pritchard v. Madren*, 24 Kas. 487, it was held that,

"In proceedings under that chapter, an omission from the title of the petition of the description of the land and the name of the owner is not such a defect as renders the judgment void in a collateral attack, provided it appears that the land was fully described in the body of the petition, and also that due and legal service was made."

In *Doty v. Bassett*, 44 Kas. 754, at the first hearing, a syl-

labus and opinion were prepared by GREEN, C., and adopted by the court, as follows:

"In a suit to collect delinquent taxes on real estate, bid in by a county, under chapter 39 of the Laws of 1877, each tract of land or town lot should be described in the petition, to give the court jurisdiction over the subject-matter. Where a petition is so essentially defective as to show no description of the land against which a decree was rendered for alleged taxes, *held*, that such judgment and decree as to that particular tract of land, not described in the petition, is void, for want of jurisdiction."

On a rehearing of that case, the court, in a *per curiam* opinion, reconsidered and withdrew the syllabus and opinion first announced, and decided the case on the point that the lands were not taxable for the year for which the taxes were levied.

In this case, while the point is raised also that the lands were not taxable, we do not think the findings of the court clearly negative their taxability. The question, then, is squarely presented, whether jurisdiction can be obtained over a tract of land by filing a petition describing one piece, and referring to an exhibit as attached to and made a part of the petition which is not so attached, but a loose piece of paper containing a description without any of the essential characteristics of a petition is filed with the clerk. We think the rule first declared in *Doty v. Bassett*, supra, must obtain, and that, as to the lands involved in this case, the district court of Greenwood county was entirely without jurisdiction; that to hold that no reference to the property sought to be affected by the proceedings need be made in the body of the petition, but that an exhibit attached to it containing the description and the amount of taxes and charges claimed to be a lien on the property is sufficient, is an extreme relaxation of the rules of pleading; but to go to the limit we must necessarily reach in this case to uphold the judgment requires us to affirm that property can be condemned and sold without any mention whatever of the property itself, or of the owner, either in the title or body of the petition, but that it is sufficient if it refers to an exhibit containing the de-

scription, and that exhibit is placed in the clerk's office and marked "Filed." This seems to us to involve a complete abandonment of substance, as well as form, in court pleadings.

The judgment is reversed, with the direction to enter judgment on the facts as found in favor of the plaintiff, and against the defendant.

All the Justices concurring.