No. 38,813

GEORGE RAY, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF DONIPHAN COUNTY, KANSAS; EVERETT C. HOPP, G. L. FRANKLIN and E. L. EULER, as members of said Board; MAURICE R. BRYAN, as County Clerk and Ex Officio County Assessor of said County; ARTHUR E. NUZUM, as County Treasurer of said County; FRANK CARTER, as Sheriff of said County; and DAVID T. LANTER, as Sheriff of Brown County, Kansas, *Appellants*.

(252 P. 2d 899)

filed January 24, 1953.

*Robert A. Reeder,* county attorney of Doniphan county, argued the cause and was on the briefs for the appellants.

*William M. Drumm,* of Seneca, argued the cause, and *Harry A. Lanning,* of Seneca, and *Dan J. Riley,* of Dawson, Neb., were with him on the briefs for the appellee.

*Wilbur G. Leonard,* of Council Grove, and *Ervin G. Johnston,* of Peru, were on the brief of State Commission of Revenue and Taxation, *amicus curiae.*

The opinion of the court was delivered by

PRICE, J.: This was an action to enjoin the levy and assessment of a personal property tax and to secure the release of an item of construction machinery seized in satisfaction of the tax.

The question is whether certain tangible personal property owned by a nonresident, but located in this state on March 1, was subject to being taxed in Kansas.

The trial court held that it was not, and the taxing authorities have appealed.

Plaintiff, George Ray, was a resident of Verdon, Richardson County, Nebraska, and was engaged in the dirt construction business. He owned heavy machinery and equipment which was kept at his headquarters in Verdon when not being used elsewhere. Having a contract to perform certain work on a Missouri River levee project, he moved his equipment into Doniphan County, Kansas, on or about January 24, 1951. The construction job was one normally requiring from thirty to sixty days to complete, depending upon a number of things such as weather conditions and so forth. Due to the weather, and possibly other reasons not here material, plaintiff did not accomplish the undertaking. His machinery was in Doniphan county on March 1, and on March 6 the county clerk, ex officio county assessor, listed it for taxation and immediately notified plaintiff of the fact by registered letter.

On March 8 plaintiff listed his machinery and equipment, including that which was located in Doniphan county, with the taxing officials of Richardson County, Nebraska.

On or about April 30, 1951, plaintiff commenced to remove the equipment from Doniphan county. Under the authority of G. S. 1949, 79-319, a tax warrant was issued to the sheriff of Doniphan county but was returned "no property found." An alias warrant was issued to the sheriff of adjoining Brown county and that official

seized one item of equipment found in that county. Plaintiff then commenced this action to enjoin the assessment and collection of the taxes levied against his property by Doniphan county.

The lower court made conclusions of fact and of law, which are as follow:

### "FINDINGS OF FACT

"1. That the principal place of business, residence and domicile of the plaintiff, George Ray, is at Verdon, in Richardson County, Nebraska.

"2. That the plaintiff George Ray was the owner of, for the purpose of taxation, all the property which is involved in this action.

"3. That the plaintiff George Ray was assessed for taxation purposes for the years 1950 and 1951 in Richardson County, Nebraska, on all the personal property which is involved in this action.

"4. That plaintiff moved his construction machinery into Doniphan County, Kansas, on or about January 24, 1951, with the intention of carrying out a contract to move dirt, which was expected to take from 30 to 60 days.

"5. That the contract to move dirt was not accomplished and plaintiff removed his machinery from Doniphan County, Kansas, on or about April 30, 1951.

"6. That while the above mentioned personal property of the plaintiff was in Doniphan County, Kansas, and on or about March 6, 1951, the County Assessor of Doniphan County, Kansas, listed the same for taxation in Doniphan County."

### "CONCLUSIONS OF LAW

"1. That the tax situs of the personal property involved in this action for the year 1951 was Richardson County, Nebraska.

"2. That the facts in this case as revealed by the testimony, practically all of which is undisputed, indicates the personal property was brought into Doniphan County for temporary purposes, and not of sufficient permanency to establish a tax situs in Doniphan County.

"3. That the tax assessment, and the levy made thereunder upon the personal property involved in this action is illegal and void. Such levy should be voided and set aside, and the Sheriff of Brown County, Kansas, directed to restore such property to the plaintiff."

The material portions of the journal entry of judgment are:

"It Is Therefore By The Court, Considered, Ordered, Adjudged And Decreed:

"1. That the tax situs of plaintiff's construction equipment and machinery for the year 1951 was Richardson County, Nebraska, and the same had no tax situs in Doniphan County, Kansas, for the year of 1951; that the tax assessed and levied thereon by the taxing officials of said Doniphan County, Kansas, was and is illegal and void, and that the tax warrant issued by the Treasurer of Doniphan County, Kansas, to the Sheriff of Brown County, Kansas, and the seizure thereunder of plaintiff's tractor by said sheriff was and is illegal and void.

2. That the defendant David T. Lanter, as Sheriff of Brown County,

Kansas, be, and he· hereby is, permanently enjoined from selling plaintiff's tractor for the collection of such illegal tax and directed to restore said tractor to plaintiff."

No complaint is made concerning the facts as found by the lower court, and so the question is whether they support the judgment rendered. In other words, was this property subject to being taxed in Doniphan county?

A number of cases involving the question of situs of tangible personal property for purposes of taxation as between counties within Kansas have been before this court, but it appears the court has never been called upon to decide the precise question here presented.

Decisions from other jurisdictions on the subject are not particularly helpful due to the diversity of statutes in the various states, but in approaching the question it is necessary to keep in mind a number of well-recognized general principles pertaining to the whole subject of taxation In the first place, it is elementary that the entire matter, including the levy and collection of taxes, is statutory and does not exist apart from statute. Perhaps every law-school student has at some time or other been exposed to the ancient legal maxim "*mobilia sequuntur personam*," meaning "movables follow the [law of the] person" (58 C. J. S., p. 837), which, as applied to taxation, means that personal property is taxable at the domicile of the owner. The rule is said to have its origin in the Middle Ages when a resident of one country rarely kept personal property in another country, and if he traveled he generally carried his wealth with him. However, the modern view, brought about by changed economic conditions and increased accumulations of wealth in the various forms of personal property kept by owners at places other than their place of residence, is to the effect that the old rule, while still expressing a prima-facie test, is no longer conclusive and must give way to statutory enactments providing different tests in keeping with modern economic conditions. As a general rule it may be said that a state which otherwise has the right to tax personal property is not deprived thereof by the fact the property is subject to taxation or that a tax has actually been paid thereon in another state for the same period. The authority of a state in which tangible personal property is actually located to assess and collect property taxes on it is no longer open to question, irrespective

of where the owner may reside. The modern rule, in the absence of a statute to the contrary, is that the actual situs of visible tangible personal property, and not the domicile of its owner, determines the place of taxation. As a general proposition, before tangible personal property may be taxed in a state other than the domicile of the owner it must have acquired a more or less permanent location in that state as contrasted to a transient status. Within the meaning of the rule "permanency" has been held to mean a more or less permanent location, for the time being, one test being whether the property in question is within the state solely for use and profit there. (51 Am. Jur., Taxation, §§ 448 to 462, incl., pp. 462 to 474, incl.; annotations at 110 A. L. R. 707; 123 A. L. R. 179; and 153 A. L. R. 270.)

With these generalizations in mind, we refer now to various of our statutes relating to the subject.

G. S. 1949, 79-101, provides that all property in the state, both real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed by law.

G. S. 1949, 79-201 to 208, incl., enumerate the various kinds and classifications of property, both real and personal, which are exempt from taxation. Nowhere in those sections is there any reference to personal property which is in the status of plaintiff's property here involved.

G. S. 1949, 79-301, provides, among other things, that every person of full age and sound mind shall list at its true value in money all personal property subject to taxation of which such person is the owner.

G. S. 1949, 79-304, is lengthy and will not be set out in full. As was said in *Sherwood Const. Co. v. Board of County Commrs.*, 167 Kan. 421, 207 P. 2d 409 (cited in the briefs, but which is not of much help to any of the parties in the case at hand because of a different factual situation), the section is by no means a model of clarity, but from it and other related sections it is not difficult to ascertain the legislative intent with reference to the question before us. In substance, it provides that every person required to list property in behalf of others shall list the same in the township, school district or city in which such property is located; all tangible personal property located or stored on any municipal airport is to be listed and taxed in the taxing district in which the owner resides, but if the owner is a nonresident of the state or of the county in

which such tangible personal property is located then it is to be listed and taxed in the taxing district in which such property is located; all toll bridges are to be listed in the township or ward where located; the property of banks, bankers, brokers, merchants and all insurance or other companies (except of mutual fire insurance companies) is to be listed and taxed in the county, township, city and school district where their business is usually done, and factories and mines are to be listed and taxed in the taxing district where located; animals and farming implements are (with certain exceptions not here material) to be listed and taxed where usually kept; all personal property shall be listed and taxed each year in the township, school district or city in which the property was located on the first day of March, but all moneys and credits not pertaining to a business located is to be listed in the taxing district in which the owner resided on the first day of March; personal property in transit is to be listed in the taxing district where the owner resides, but if such property is intended for a particular business it shall be listed at the place where the business is to be transacted.

G. S. 1949, 79-314, provides that when any personal property shall be located in any county in the state after the first day of March of any year and shall acquire an actual situs therein before the first day of September, it is taxable in such county for that year.

G. S. 1949, 79-315, provides that whenever any livestock shall be located in this state for the purpose of grazing it is deemed to have acquired an actual situs therein for purpose of taxation.

G. S. 1949, 79-316, provides that when any person, association or corporation shall settle or organize in any county in the state and shall bring personal property therein after the first day of March and prior to the first day of September in any year, or when any nonresident owner shall bring property into the state between those dates, it is the duty of the taxing authorities to list and return such property for taxation for that year unless the owner shall show to the taxing authorities, under oath, and by producing a copy of the assessment, duly certified to by the proper officers of the state or county in which such property was assessed, that it has been listed for taxation for that year in some other county of the state, or in some other state or territory of the United States in which property is required to be listed for taxation.

The state of Nebraska has a statute (R. R. S. 1943, 77-1211) almost

identical to our 79-316, except that the period in the Nebraska statute is from March 10th to July 1st in any year. In passing, it should be noted that the "taxing date" in Nebraska is March 10th of each year. ( R. R. S. 1943, 77-1201.)

In our opinion the conclusion is inescapable that the thread of thought running through the various sections of our statutes referred to is that all tangible personal property located within this state on the first day of March of each year is subject to taxation in the taxing district where so located unless specifically exempted therefrom by statute, irrespective of the domicile of the owner.

It is undisputed that the property in question was "located" in Doniphan county from on or about January 24, 1951, until April 30, 1951. Under no circumstances was it "in transit" on March 1. It was brought into Doniphan County for the purpose of use and profit in that county. It was permanently located there, at least for the time being. As heretofore mentioned, G. S. 1949, 79-304, provides that when such property is intended for a particular business it is to be listed for taxation at the place where the business is to be transacted. Plaintiff's business, insofar as this property was concerned, was to be transacted in Doniphan county, and the fact he did not accomplish his mission is, under the circumstances, immaterial. Nowhere in our taxation statutes do we find any prohibition against doing what the taxing authorities did here. There is nothing inherently wrong in taxing tangible personal property located in this state on the taxing date under the circumstances here disclosed, even though it is owned by a nonresident of the state.

With reference to the "double taxation" phase of the matter it would appear that plaintiff has his remedy under the Nebraska statute above referred to and which, as we have said, is almost identical to our G. S. 1949, 79-316.

Under all of the facts and circumstances, and for the reasons stated, we think the property in question was properly taxable in Doniphan county for the year 1951, and that the lower court erroneously enjoined the sale of the one item of equipment seized under the tax warrant.

The judgment is therefore reversed.