No. 39,128

THE BOARD OF COUNTY COMMISSIONERS OF MONTGOMERY COUNTY, KANSAS, *Appellee,* v. W. P. ALLEN, REPUBLIC OIL REFINING COMPANY, a corporation, et al., *Appellees,* and J. W. MOODY and VIRGIL KNIPMEYER, *Appellants.*

(264 P. 2d 916)

Opinion filed December 12, 1953.

*Morris D. Hildreth,* of Coffeyville, argued the cause, and *Richard L. Becker,* of Coffeyville, was with him on the briefs for the appellants.

*John F. O'Brien,* of Independence, argued the cause, and *O. L. O'Brien,* of

Independence, was with him on the briefs for the appellee, Republic Oil Refining Company.

The opinion of the court was delivered by

PRICE, J.: The question here concerns the validity of certain portions of a judgment rendered in a tax foreclosure action.

The facts are not in dispute, and, insofar as pertinent to the question presented, are as follow:

On March 1, 1947, and ever since August 20, 1943, Republic Oil Refining Company, hereinafter referred to as Republic, one of the appellees herein, owned the entire fee simple title to certain tracts of real estate in Montgomery County. On June 4, 1947, Republic executed deeds conveying the surface rights in such tracts, but retained the mineral interests therein. The deeds were recorded on June 16, 1947. A few days later the county clerk of Montgomery County, upon receiving the deeds for transfer in her office, noted the separation of the surface and mineral interests and entered on the tax rolls a valuation and assessment of $10 per acre against the mineral reserve estate of Republic. This was done by that official without referring the matter to any deputy assessor, and the valuation so placed was of arbitrary "rule of thumb."

The fee simple estate, which of course included both the surface and mineral rights, owned by Republic on March 1, 1947, was valued and assessed at the regular assessment made on that date, and the taxes levied thereunder were paid in full and were never delinquent.

The taxes levied by virtue of the assessment made by the county clerk subsequent to June 16, 1947, on the mineral rights retained by Republic, were not paid, and on September 7, 1948, such mineral reserve interests were sold to the county at the regular county treasurer's sale for nonpayment of taxes.

In May, 1952, pursuant to an order of the board of county commissioners (G. S. 1949, 79-2801), the county filed a tax foreclosure action for the purpose of foreclosing tax liens upon the mineral reserve rights in question, and other properties within the county. The liens in question were foreclosed, an order of sale was issued, and appellants herein purchased at the sheriff's sale the mineral rights in two of the tracts in controversy.

Upon receiving notice of the sheriff's sale, Republic promptly, and within the time prescribed by G. S. 1949, 79-2804b, filed a motion to set aside the sale of its mineral interests in the tracts and to re-

strain the issuance of sheriff's deeds, on the ground that as to movant the tax foreclosure proceedings were wholly void.

Following a hearing on this motion, the court, after finding the facts to be as above related, rendered a conclusion of law as follows:

"The Court concludes that the assessment of the mineral reserve tax made by the County Clerk in June of 1947 was made without legal basis and that such levy was necessarily void. That the mineral reserve estate of the Republic Oil Refining Company could not have been subject to separate assessment under Sec. 79-420, General Statutes of Kansas, until March 1, 1948. That on September 7, 1948, there was no tax lawfully assessed against the mineral reserve interest or any other interest in the land which was due or unpaid. That therefore the sale to the county on that date was wholly void. That therefore the court should make an order setting aside the judgment, order of sale, sale and confirmation of sale since the Board of County Commissioners were without authority to order the property foreclosed, and this Court was without jurisdiction to enter judgment."

Certain orders, not here pertinent, were made with reference to other matters involved, such as payment of costs and reimbursement by Republic of the purchasers at the sheriff's sale, and final judgment was entered in accordance with the conclusion of law quoted *supra.*

Appellant purchasers have appealed.

The main point of appellants' argument is that Republic's right to relief, if any, was through recourse to the State Commission of Revenue and Taxation under the provisions of G. S. 1949, 79-1702 and 1702a, which, among other things, provide that when a taxpayer shall have a grievance not remediable, such as where property, or any interest therein, has been assessed and taxed more than once in any one tax year, he may present such grievance to that body provided the property involved has not in the meantime been sold for taxes to anyone other than the county. Their contention is that as Republic did not follow this statutory procedure to obtain relief, and as they had already purchased at the sheriff's sale in the tax foreclosure action, Republic has slept on its rights and in any event is now barred from seeking redress.

In support of the ruling of the lower court Republic contends that as all taxes lawfully assessed for the year 1947 against the entire fee simple estate owned by Republic on March 1st of that year were paid in full, the tax foreclosure action which sought to foreclose the separate assessments against the mineral reserve interests was, as to such causes of action, a complete nullity and therefore void.

In our view of this case the entire matter narrows down to a very simple question.

On March 1, 1947, Republic owned the entire fee to the tracts in question, including the mineral rights. Those tracts were assessed on that date as provided by G. S. 1949, 79-402 and 403. The taxes so assessed were paid in full and were never delinquent. In June of that year Republic conveyed its interest in the surface rights but retained the mineral interests. In such situations G. S. 1949, 79-420, provides for separate listing and valuation of surface rights and mineral rights when owned and held by different parties, but it does not follow that such separate listing and valuation are to be made prior to the first of March of the succeeding year when, as here, the separation of the interests was effected subsequent to March 1st of the current year. No one is charging the county clerk with fraud or intentional wrongdoing—it simply was error for that official to assess the mineral interests retained by Republic in June, 1947, and the tax thus assessed was null and void.

A short answer to appellants' contention that Republic's only recourse was through an application to the State Commission of Revenue and Taxation is that in the recent case of *Sherwood Const. Co. v. Board of County Commrs.,* 167 Kan. 421, 424, 425, 207 P. 2d 409, it was held that the remedy provided by such procedure is merely cumulative and not exclusive.

This brings us, therefore, to the real point of this lawsuit.

In the first place, it is elementary that the entire matter of taxation, including the levy and collection of taxes, is statutory and does not exist apart from statute. (*Equitable Life Assurance Society v. Hobbs,* 155 Kan. 534, 127 P. 2d 477; Magnolia and Shell cases, *infra,* and *Ray v. Board of County Comm'rs,* 173 Kan. 859, 252 P. 2d 899.)

Since the enactment of our tax foreclosure statutes, now appearing as G. S. 1949, 79-2801, *et seq.,* similar questions have been before the court on several occasions, and it has uniformly been held that the foreclosure act has no application to a situation in which all taxes lawfully assessed have been paid in full. In *Magnolia Petroleum Co. v. Moyle,* 162 Kan. 133, 175 P. 2d 133 (second rehearing, 163 Kan. 368, 182 P. 2d 127), it was held:

"Conditions precedent to the maintenance of a tax foreclosure action are that taxes lawfully assessed against real estate shall have been unpaid and the real estate involved must have been sold and bid in by the county at a delinquent tax sale, and unless those conditions exist the district court has no

jurisdiction of the real estate, and any judgment ordering its sale is void." (Syl. 4.)

This rule was adhered to in *Shell Oil Co. v. Board of County Comm'rs,* 165 Kan. 642, 197 P. 2d 925, in which it was held:

"That a tax is due and unpaid is either specifically or necessarily by implication embodied in *every provision* of an act for the sale of real property for taxes." (Syl. 5.)

"Where the sovereign has no charge or claim against property for taxes the sovereign has nothing to sell and although a court goes through the form of a sale it sells nothing and conveys nothing to the purchaser." (Syl. 7.)

In the second appearance of the Shell case in this court (*Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 159, 231 P. 2d 220— rehearing, 171 Kan. 595, 237 P. 2d 257), in commenting on the rule, we said:

"We affirmed the lower court, the basis of our decision being that under such circumstances, that is, where no taxes were delinquent, the court would acquire no jurisdiction over the property in the tax foreclosure action, the county would have nothing to sell, and therefore nothing would be conveyed to the purchaser. Putting it another way, the holding in that decision was that the tax foreclosure act . . . simply had no application to property upon which all taxes levied were fully paid." (p. 167.)

And so here. All taxes lawfully assessed against the property in question for the year 1947 were paid in full and were not delinquent. As the county had nothing to sell with respect to those tracts, all proceedings concerning them were null and void and appellants bought nothing at the sheriff's sale. The judgment of the lower court was clearly correct and is affirmed.