ARMSTRONG et ux.

v.

ROYALTY HOLDING CO. et al.

No. 4817.

United States Court of Appeals
Tenth Circuit.

June 30, 1954.

Rehearing Denied Aug. 5, 1954.

HUXMAN, Circuit Judge.

This was an action by appellees, Royalty Holding Company, a corporation, and Gulf Coast West Oil Company, a corporation, against appellants, Ralph Armstrong and Alice Armstrong, husband and wife, to quiet their title to an undivided 13/22 and 1/64 interests, respectively, to the oil, gas and other mineral interests in the Northeast Quarter of Section 8, Township 34 South, Range 39 West, in Morton County, Kansas. After the issues were made up, affidavits filed and a stipulation by all the parties that the record so made up constituted all the evidentiary matter necessary for a consideration of the questions, the trial court overruled defendants' motion for summary judgment and sustained a like motion by plaintiffs, the appellees herein, and in accordance therewith entered a judgment quieting plaintiffs' title to the asserted mineral interests. This appeal challenges the correctness of that judgment.

The facts about which there is no dispute are these. On October 21, 1928, appellants, Ralph Armstrong and Alice Armstrong, his wife, were the owners in fee simple of the Northeast Quarter of Section 8, Township 34 South, Range 39 West, in Morton County, Kansas. The appellees hold their mineral interests in the above described premises by regular and valid conveyances through a chain of title from Ralph Armstrong and Alice Armstrong, his wife. These conveyances were duly and timely recorded and made a matter of record, as required by the recording laws of Kansas. Notwithstanding the severance of these mineral interests from the surface rights, no separate listing and valuation for tax purposes was made and no separate tax was assessed against these interests as required by the laws of Kansas.[1] The quarter section of land of which these interests had been a part was assessed and taxed as a unit, the same as before the severance of these mineral interests therefrom. On July 29, 1943, the Board of County Commis-

Homer V. Gooing, Wichita, Kan. (Howard T. Fleeson and Wayne Coulson, Wichita, Kan., on the brief), for appellants.

Wayne B. Snow, Oklahoma City, Okl. (Loyd Benefield, Oklahoma City, Okl., and Dwight S. Wallace, Wichita, Kan., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

1. Section 79-420, G.S.1949.

sioners of Morton County, Kansas, instituted an action against the Armstrongs, the appellees, and others, not interested in this appeal, to foreclose tax liens for delinquent taxes, including delinquent taxes against the Northeast Quarter of Section 8, Township 34 South, Range 39 West. The petition did not separately describe the mineral interests in question or separately list delinquent taxes against them. It described the land in question by its legal description and listed the delinquent taxes against it as such. Personal service was had on the Armstrongs and publication service against the remaining parties, including appellees. The contention is made that the publication service against appellees was fatally defective and that, therefore, the court acquired no jurisdiction over them. Because of the conclusion we have reached on the main question, it will not be necessary to resolve this question and no further reference will be made thereto. Judgment of foreclosure against all defendants was entered and the real estate was ordered sold. Ralph Armstrong purchased the real estate in question at the foreclosure sale. The sale was confirmed and a sheriff's deed was issued to him. It is appellants' position that the sale was regular; that it sold appellees' interest for delinquent taxes and that as purchaser Ralph Armstrong became the fee owner of the entire estate in the quarter of land in question herein.

In support of the power of the County Commissioners to sell and bid in appellants' mineral interests in the real estate in question and subsequently sell it in a tax foreclosure proceeding in the district court, notwithstanding no separate valuation and assessment thereof was made and no separate tax was levied thereon, it is urged the mineral interests not having been listed separately on the tax rolls were taxed as a part of the land and were, therefore, properly sold as a part thereof in the district court tax sale action. With this contention we cannot agree. General Statutes 1949, Section 79–420, Laws of Kansas, provides that when there is a severance of mineral interests from the fee to the surface of any tract of land, such interest shall be valued and listed separately from the fee of the land and shall be separately taxed to the owner thereof. Those charged with the duty of making the separate listing, valuation and assessment and levy of tax on such interests failed to discharge their duty. No separate tax was, therefore, assessed against these mineral interests, but these interests were no longer a part of the surface of the land and could not be included in the tax levied against the surface and sold for delinquent taxes levied against the surface of the land. In the tax foreclosure proceeding in the district court, the county commissioners did not separately describe these mineral interests and did not attempt to sell them to collect any tax levied thereon.

■■ Kansas in line with many other states has held that a condition precedent to the maintenance of a tax foreclosure action is a lawful assessment of taxes which remain unpaid and that when there is no valid tax remaining unpaid the court is without power or jurisdiction to sell the property, and that its judgment in such a case is void.[2]

In order to give stability and finality to tax foreclosure sales, Kansas passed a comprehensive statute for judicial sales through district courts of competent jurisdiction.[3] The question of whether a judicial sale under this statute, regular in all respects, in a case where there is in fact no valid tax outstanding against the property sold vests good title in the

2. Doty v. Bassett, 44 Kan. 754, 26 P. 51; Magnolia Petroleum Company v. Moyle, 162 Kan. 133, 175 P.2d 133; Shell Oil Company v. Board of County Commissioners of Grant County, 165 Kan. 642, 197 P.2d 925; Shell Oil Company v. Board of County Commissioners, 171 Kan. 159, 231 P.2d 220; Board of Commissioners of Montgomery County v. Allen, 175 Kan. 460, 264 P.2d 916.

3. G.S.1949, 79–2801 et seq.

purchaser has been before the Supreme Court in a number of cases. In Magnolia Petroleum Company v. Moyle, 162 Kan. 133, 175 P.2d 133, 138, the district court sold a mineral interest in such a proceeding which was separately listed and taxed and on which in fact all taxes had been paid, together with other property on which there were delinquent taxes. By a sharply divided court it was held that "The only conclusion that can be reached is that no tax ever having been in default, no tax lien could exist, the mineral interest could not have been lawfully sold and bid in by the county at any delinquent tax sale, and therefore the statutory condition to bringing the tax foreclosure action did not exist." And that by reason thereof the court "could not acquire any jurisdiction of the particular real estate, and that any judgment respecting that real estate, including an order of sale, approval of sale or issuance of a sheriff's deed was void." This position was reaffirmed in Shell Oil Company v. Board of County Commissioners of Grant County, 165 Kan. 642, 197 P.2d 925, also appearing in 171 Kan. 159, 231 P.2d 220, and in Board of Commissioners of Montgomery County v. Allen, 175 Kan. 460, 264 P.2d 916.

Appellants make the further contention that in any event this action was barred by the applicable statute of limitations. G.S.1949, 79–2804b in force at the time this action was brought provided that an action challenging the validity of delinquent tax sales proceedings must be brought within six months after the confirmation of the sale.[4] This action was not brought within such time. The question whether the statute of limitations could be successfully urged in a case where the judgment was void because there was in fact no unpaid tax for which the land could have been sold has not been squarely before the Supreme Court of Kansas. It was before the Supreme

Court of Kansas in the Magnolia case, supra, but the court refused to pass on the question because it had not first been urged in the trial court below. The question of the statute of limitations, while in the background, was not passed upon by the Supreme Court in Shell Oil Company v. Board of County Commissioners of Grant County, 165 Kan. 642, 197 P.2d 925. However, when the case was before the court a second time after trial upon the merits, see 171 Kan. 159, 231 P.2d 220, the court held that while the judgment of the district court in the foreclosure proceeding was void,[5] the action to set it aside was barred by the statute of limitations. The court alluded to its holding in the first appeal that if no delinquent taxes in fact existed the court would acquire no jurisdiction over the property, but held that since the trial court upon trial of the issues found there were taxes due in the amount of $1.77, the court acquired jurisdiction of the res and that the statute of limitations would have application. The only inference we can draw from this case is that where the judgment is void because the court acquired no jurisdiction of the property because there are no outstanding taxes unpaid the statute of limitations is no bar to an action to challenge the validity of such proceedings, but it is a bar to such an action in which there was in fact some tax due, although the judgment may be void for other reasons. Under the holding of that case, it follows that since there was in fact no tax due against the mineral interests in question the statute of limitations was no bar to the maintenance of this action.

A final contention by appellees is that the action in any event was barred by laches. Without entering into a detailed discussion of this question, we content ourselves by saying that the contention is without merit.

Affirmed.

4. The statute now provides that such action must be brought within twelve months.

5. The judgment was held void because the purchaser was an ineligible purchaser.